IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| WESLEY D. LUBBES | ) | |
| | ) | |
| Plaintiff, | ) | CV-06-1714-MO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MOSMAN, J.**:

Plaintiff Wesley Lubbes brings this action for judicial review of a final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). This Court has jurisdiction under 42 U.S.C. § 405(g). For the reasons stated below, I find the Commissioner's final decision is based on the proper legal standards and supported by substantial evidence in the record. I therefore affirm that decision and dismiss this case.

## **BACKGROUND**

The facts throughout this Opinion are taken from the official transcript of the administrative record filed with the Commissioner's Answer. Mr. Lubbes was born March 30,

1 - OPINION AND ORDER

1960, and left high school in the eleventh grade. His work history for the past fifteen years has included work as a parts puller, lumber puller, lumber grader, straightener, off bearer, saw operator, and horse breeder. Mr. Lubbes alleges the onset of a disability on June 25, 2004, due to a herniated disc, stenosis, anxiety, and obstructed bowel. He filed for disability on January 24, 2005, and his application was denied both initially and on reconsideration. Mr. Lubbes's insured status expires on December 31, 2009; to be entitled to benefits, he must establish he was disabled on or before that date. *See* 42 U.S.C. § 423(a)(1)(A); *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1998). A hearing was held before an Administrative Law Judge ("ALJ") on May 11, 2006. The ALJ issued an opinion on August 10, 2006, finding Mr. Lubbes is not disabled; this is the final decision of the Commissioner.

## DISABILITY ANALYSIS

The initial burden of proof rests upon a claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step evaluation process for determining whether a person over the age of 18 is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If the claimant is found to be "disabled" or "not disabled" at any step in the sequence, there is no need to consider the subsequent steps. 20 C.F.R. § 404.1520. If the evaluation proceeds beyond step three, the Commissioner must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the

sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by his impairments. 20 C.F.R. §§ 404.1520(e), 404.1545; Social Security Ruling (SSR) 96-8p. At step four, the Commissioner must determine whether the claimant retains the RFC to perform work he has done in the past; if he does, he is not disabled. 20 C.F.R. § 404.1520(f). At step five, the Commissioner must determine whether the claimant can perform other work that exists in the national economy. 20 C.F.R. § 404.1520(e), (g); *Bowen*, 482 U.S. at 142. At this stage, the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If the Commissioner meets this burden, then the claimant is not considered disabled. 20 C.F.R. § 404.1566; *Tackett*, 180 F.3d at 1099.

## THE ALJ's FINDINGS

Mr. Lubbes challenges the ALJ's determination of his RFC. While the ALJ found during step four of the analysis outlined above that Mr. Lubbes cannot perform the same work he has done in the past, she found at step five that he can perform other work that exists in the national economy, and that he is therefore not disabled.

The ALJ found the medical evidence established Mr. Lubbes suffers from severe impairments, including lumbar degenerative disc disease and a history of bowel obstruction following a splenectomy. She also noted that while Mr. Lubbes did not allege disability due to anxiety and depression, he had received some treatment for these conditions. The state agency's consulting psychologist found Mr. Lubbes's mental impairments were not severe, and the record of successful treatment with medication supported this finding; the ALJ therefore found no functional limitations from these conditions. She further found Mr. Lubbes retained the RFC to

perform light level work if given the option to sit or stand, as he is limited in his ability to bend, stoop, and crouch.

The ALJ also elicited testimony from an impartial vocational expert ("VE"), who testified Mr. Lubbes could not perform his past relevant work. As mentioned above, the ALJ agreed with this conclusion. The VE also testified that someone of Mr. Lubbes's age, education, experience, and RFC could perform work as a small parts assembler and office helper. Again, the ALJ agreed with the VE, and determined Mr. Lubbes could make a successful adjustment to work that exists in significant numbers in the national economy. She therefore found he was not disabled within the meaning of the Act.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and if the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" in turn means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for resolving conflicts in the medical evidence and for determining credibility. *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. *See Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002). Rather, the Commissioner's decision must be upheld where the "evidence is susceptible to more than one

rational interpretation." *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## DISCUSSION

Mr. Lubbes had a microdiskectomy on July 17, 1992, due to a herniated disk at L4-5 with compression of the nerve; the procedure was repeated in 1999. Dr. Barich began treating Mr. Lubbes on June 25, 2004, for severe back and leg pain, and noted Mr. Lubbes's chronic back pain became severe after he increased his daily work hours as a lumber grader from eight hours to twelve hours. Dr. Barich prescribed pain medication and an anti-anxiety medication, and released Mr. Lubbes to light duty work on July 29, 2004.

Dr. Weston, an orthopedic surgeon, examined Mr. Lubbes on July 20, 2004, and noted an MRI indicated "degenerative changes at L4-5 with facet arthropathy and subarticular recess stenosis and a focal disk protrusion." He further found Mr. Lubbes had a normal lower extremity neurological exam. He diagnosed acute radiculopathy, and recommended epidural injections. If the injections failed to relieve Mr. Lubbes's back pain, he recommended proceeding with decompression surgery with a fusion.

Dr. Lairson, another orthopedic surgeon, examined Mr. Lubbes on August 5, 2004, and agreed with Dr. Weston. He recommended proceeding with the injections. There is no record of the injections being administered.

Dr. Williams, an examiner for the insurance provider, reviewed Mr. Lubbes's medical records and conducted an exam on August 9, 2004. He opined the increase in Mr. Lubbes's symptoms was due to postoperative disk changes. Dr. Williams noted that Mr. Lubbes's activities of daily living ("ADL") included feeding, breeding, and shoeing horses, and found that Mr. Lubbes could return to his regular work.

Dr. Barich continued to treat Mr. Lubbes, and in August 2004, reviewed light work duties with him. Dr. Barich noted in September 2004 that he disagreed with Dr. Williams's opinion that Mr. Lubbes could return to his regular work, and that "this may be possible in the future, but at this time I believe he is having too much pain." He further noted he agreed with Dr. Weston that facet injections and possible surgery were reasonable options. In November 2004, Dr. Barich noted that medications were effectively controlling Mr. Lubbes's pain, and that he "looks as good as I've seen him." Dr. Barich's medical notes through February 2006 continue to indicate Mr. Lubbes's pain and anxiety were well controlled by his medications.

### I. The ALJ's Conclusions

After considering this evidence, the ALJ found that while Mr. Lubbes cannot perform the same work he has done in the past, he can perform other work that exists in the national economy, and that he is therefore not disabled. Mr. Lubbes alleges the ALJ erred by: (1) improperly assessing his RFC; (2) improperly assessing his credibility regarding his symptoms; (3) failing to properly develop the record; and (4) determining at step five of the evaluation that he is capable of performing other work in the national economy and is not disabled. I evaluate each of these alleged errors below.

#### A. The RFC Determination

Mr. Lubbes asserts the ALJ failed to consider the severity of his condition and all of his limitations as a "surgical candidate." The examining orthopedic surgeons, Drs. Weston and Lairson, recommended epidural injections. If the epidural injections failed to provide improvement, the next step would be surgery. There is no record of Mr. Lubbes receiving these injections. Although Dr. Barich agreed with the surgeons regarding the injections and possible

surgery, he continued to treat Mr. Lubbes with medication, and noted the medication was effectively controlling Mr. Lubbes's pain. Mr. Lubbes does not cite any medical records indicating what additional limitations he has as a result of being a "surgical candidate."

The ALJ discussed the medical evidence and noted Mr. Lubbes's treatment has been "essentially routine and conservative in nature" and has also been successful in controlling his symptoms. She also noted Dr. Barich disagreed with Dr. Williams's opinion that Mr. Lubbes could return to work as a lumber grader. She further found the record contained no opinions from treating or examining physicians indicating Mr. Lubbes is permanently disabled. Based on her review, I find the ALJ adequately considered the medical evidence in the record as a whole, and that her determination of Mr. Lubbes's functional limitations is based on substantial medical evidence in the record.

### B. The Credibility Determination

Mr. Lubbes asserts the ALJ failed to properly evaluate his testimony regarding his symptoms. The ALJ must assess the credibility of a claimant regarding the severity of his symptoms when the claimant produces objective medical evidence of an impairment that "could reasonably be expected" to produce the alleged symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996) (citations omitted). Mr. Lubbes has a medically determinable impairment which could produce pain symptoms. When there is an underlying impairment and no evidence of malingering, an ALJ may discredit a claimant's testimony regarding the severity of symptoms only by providing clear and convincing reasons based on specific findings. *Id.*

In assessing credibility, the ALJ may consider objective medical evidence and the claimant's treatment history, including the effectiveness of medications. *Id.* at 1284-85. The

ALJ in this case found Mr. Lubbes's assertions of disabling symptoms inconsistent with his treatment record. She noted his medical treatment was routine and conservative and generally effective in controlling his pain symptoms. She also noted the medical record of office visits indicated "numerous occasions on which the claimant did not specify any particular complaint, which contrasts with the current claim of ongoing, disabling symptoms since the alleged onset date."

An ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. *Thomas,* 278 F.3d at 958-59. Here, the ALJ noted Mr. Lubbes reported caring for a child at home; caring for dogs and horses; preparing meals; cleaning; mowing the yard with a riding mower; shopping for food; driving a car; managing finances; making metal objects, and socializing. The ALJ further noted Mr. Lubbes reported to Dr. Williams that he cared for his horses, including shoeing them. The ability to perform daily household chores may indicate an ability to work. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). However, a disability claimant does not need to be "utterly incapacitated in order to be eligible for benefits." *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989) (citations omitted). Nevertheless, if the claimant's level and type of activity is inconsistent with his claimed limitations, his activities do have a bearing on his credibility. *Id.*

The ALJ found Mr. Lubbes's daily activities suggested he was capable of performing work on a sustained basis. She also noted Mr. Lubbes testified he could occasionally lift ten to fifteen pounds, and that he could stand and walk for about four out of eight hours, and could sit for about six out of eight hours. She found this level of activity was "somewhat less" than Mr.

Lubbes's RFC, but that it "indicates an ability to work full time." The ALJ gave clear and convincing reasons for rejecting Mr. Lubbes's assertion he is unable to do any work, and I find she assessed his credibility based on substantial evidence in the record.

Mr. Lubbes asserts the ALJ erred by not including all of his limitations in his RFC. However, the ALJ determines an RFC based upon limitations for which there is a record. The ALJ is not required to include limitations she found neither credible nor supported by the record. *Bayliss v. Barnhart,* 427 F.3d 1211,1217 (9th Cir. 2005); SSR 96-8p.

### C. Development of the Record

Mr. Lubbes contends the ALJ failed to fully develop the record. While it is a claimant's duty to prove he is disabled, an ALJ's duty to further develop the record is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001). Here, the treating and examining physicians as well as the state agency consultants agreed Mr. Lubbes has a severe back condition; the physicians disagreed whether Mr. Lubbes could return to his work as a lumber grader. After reviewing these conflicting opinions, the ALJ found Mr. Lubbes could not return to his work as a lumber grader. No physician indicated Mr. Lubbes was unable to do any work or was disabled. The record in this case is unambiguous, and is sufficient to support the ALJ's determination of Mr. Lubbes's RFC.

Mr. Lubbes also asserts the ALJ failed to obtain RFC assessments from his treating physicians and relied on the RFC determination of the state agency consultant. State agency consultants assess a claimant's RFC when making the initial disability determination. 20 C.F.R.

§ 404.1546(a). Dr. Alley, a state agency consultant, found that Mr. Lubbes could do light level work with occasional stooping and crouching. Dr. Alley disagreed with Dr. Williams's opinion that Mr. Lubbes could return to his former job, which required frequent lifting of thirty pounds.

The determination of an applicant's RFC, which is a vocational decision, rests with the ALJ, and is based on the entire record. 20 C.F.R. § 404.1546; SSR 96-5p. The claimant is generally responsible for providing the ALJ with evidence to determine his RFC. 20 C.F.R. § 404.1545(a)(3). In this case, the ALJ had sufficient medical evidence on which to base a determination of Mr. Lubbes's RFC, and she provided legally sufficient reasons for her determination based on substantial evidence in the record.

### D. The ALJ's Step Five Determination

Mr. Lubbes asserts the ALJ erred because the hypothetical question she posed to the VE regarding the ability of someone in his position to perform work did not include all of his limitations. Vocational expert testimony based on a hypothetical question that does not reflect all of the claimant's limitations has no evidentiary value. *Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir. 1988). However, the ALJ in this case evaluated the evidence and made an RFC assessment that reflected the limitations the evidence reasonably supported. She was not required to pose a hypothetical question to the VE that contained limitations she did not find were supported by substantial evidence in the record. *Osenbrock v. Apfel,* 240 F.3d 1157, 1164-65 (9th Cir. 2001).

The ALJ posed a hypothetical question to the VE that included all of Mr. Lubbes's limitations articulated in the RFC assessment. The VE then testified there were jobs in the national economy that Mr. Lubbes could perform based on his RFC, age, education, and

experience. Because the ALJ's hypothetical question contained all of the limitations supported by substantial evidence, it was proper for the ALJ to rely on the VE's answer. *See Bayliss,* 427 F. 3d at 1217-18.

## **CONCLUSION**

The ALJ determinated Mr. Lubbes is not disabled under the Social Security Act and that he is able to perform work that exists in the national economy. For the reasons stated above, I find her determination is based on the proper legal standards and supported by substantial evidence in the record. I therefore AFFIRM the Commissioner's final decision and DISMISS this case.

IT IS SO ORDERED.

DATED this  8th  day of November, 2007.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge